UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

United States of America,      )
                               )
               Plaintiff,      )      2:22-cr-00916-SPL
                               )
          vs.                  )      Phoenix, Arizona
                               )        July 10, 2023
Santiago Corpus Barrancas,     )
                               )
               Defendant.      )
_____)


BEFORE:   THE HONORABLE STEVEN P. LOGAN, JUDGE


REPORTER'S TRANSCRIPT OF PROCEEDINGS

SENTENCING


APPEARANCES:
For the Government:
          U.S. Attorney's Office
          By:  ADDISON SANTOME, ESQ.
          40 North Central Avenue, Suite 1800
          Phoenix, AZ  85004

For the Defendant Santiago Corpus Barrancas:
          Federal Public Defender
          By: IAN ORMSBY BUCON, ESQ.
          850 West Adams Street, Suite 201
          Phoenix, AZ  85007

Official Court Reporter:
Elva Cruz-Lauer, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 33
Phoenix, Arizona  85003
(602) 322-7261

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

P R O C E E D I N G S

THE CLERK:  On the record in CR22-916, United States of America versus Santiago Corpus Barrancas, before the Court for sentencing.

MS. SANTOME:  Good afternoon, Your Honor.  Addison Santome on behalf of the United States.

THE COURT:  Ms. Santome, good afternoon to you.

MR. BUCON:  Good afternoon, Your Honor.  Ian Bucon for Santiago Corpus Barrancas, who is presently out of custody and appears beside me at the podium.

THE COURT:  Mr. Bucon, good afternoon to you as well.

Mr. Barrancas, this is the time set for your sentencing.  Sir, what is your true and correct name?

THE DEFENDANT:  Santiago Corpus Barrancas.

THE COURT:  Sir, there's two people in the back of the courtroom crying.  Who are they?

THE DEFENDANT:  My dad and my wife.

THE COURT:  You ever seen your dad cry before?

THE DEFENDANT:  No.

THE COURT:  Let the record reflect that I've had a chance to review all the documents that are part of the case file.

This Court is in possession of the presentence investigation report, which is Document Number 55.  This Court also has the release status report, which is Document Number

56.

This Court also has Document Number 44, which is the plea agreement in the case. I also have the indictment, which is Document Number 1, the objection to the draft presentence investigation report, the defendant's sentencing memorandum, and the government's response to the defendant's objection to the draft presentence report, and the United States sentencing memorandum, and I've read all of the documents several times.

We will get to the objection issue first. It appears that the presentence report has already been revised throughout, resolving the defendant's objections, so those objections are moot.

Do you agree with that, Mr. Bucon?

MR. BUCON: Yes, Your Honor.

THE COURT: And, sir, do you or your client have any objections to the findings in the PSR?

MR. BUCON: No, Your Honor.

THE COURT: Ms. Santome, any objections from the United States Government?

MS. SANTOME: No, Your Honor. No objections to the final PSR.

THE COURT: Mr. Barrancas, based on your crime of conviction, this Court finds the following:

For count 1, false statement during the purchase of a firearm, I find that your base offense level is a 12. That's

pursuant to Sentencing Guidelines Section 2K2.1(a)(7).

You possessed all ammunition and firearms solely for the lawful sporting purposes or collection, and you did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, so the offense level will be decreased by six levels. And that's pursuant to Sentencing Guidelines Section 2K2.1(b)(2).

Sir, that now means your adjusted offense level is a 6. And I do find that you have accepted responsibility for your criminal conduct, so I will grant you a two-level reduction, which now means your total offense level is a 4.

Sir, as I indicated before, I've had a chance to review your entire case file, and this is your first felony conviction for false statement during the purchase of a firearm.

You indicated that you resided at an address, which was determined to be false. But to your credit, you don't have any known criminal history, and you've mostly complied with your release conditions.

And I also see from your personal and family data that you were born in Sonora, Mexico to Mr. Perez Corpus, who is in the courtroom, and he is a hard-working truck driver. And your mother passed away in 2002 unfortunately, and I am sorry, from cancer. You are an only child to this union.

You were raised primarily by your mother, because

obviously your father was trying to earn a living for the family. And when she passed away, your grandparents stepped in.

It appears from here that you had a normal childhood that was free from abuse. You were raised in Mexico as a child and attended two separate years of formal education in the United States, and that was in 1997 and 2001. And when your mother became ill, prior to her passing, you returned to Mexico.

You have been in a relationship with Monica Lua, she's in the courtroom right now, since 2010 and married in April of 2023. Congratulations to both of you.

You have three children; Dolly who is 11, Sally who is 7 and Santiago who is 6.

You also entered -- I'm sorry -- your wife entered a relationship -- this relationship, and she has a daughter, Ashley, who is 17, and you provide full financial support for your wife and children.

Sir, it appears that you were doing everything you should have been doing. You didn't finish high school, but you did obtain your GED. And you were a lawful permanent resident, and you took steps and became a naturalized U.S. citizen. So what this record reflects, is that you were doing everything right until you decided to do this, which makes absolutely no sense.

You took basically a flame thrower to your own life and put your family in a hole about 20 feet deep, and it doesn't make a whole lot of sense.

So with a total offense level of a 4 and a criminal history category of a I, your guidelines sentencing range is zero to six months of confinement.

Sir, if you need a tissue, grab it. They're free. It's right in front of you.

Your guidelines sentencing range is zero to six months. Before I sentence you, is there anything that you would like to tell me, Mr. Barrancas?

THE DEFENDANT: Yes. First of all, I would like to apologize to you, to the State, and mainly my family for being here with me.

Never -- I didn't do this with a malice intent. I apologize for what I did.

I accept full responsibility for everything, and I wanted to thank you so I could follow up and go on with my life.

THE COURT: Sir, has your lawyer done a good job helping you?

THE DEFENDANT: Yes.

THE COURT: Look at your wife right now. She's been crying nonstop. The rest of your life, you should live every single day with your wife in mind and your father in mind.

He has done everything for you, for you to get a golden ticket to become a U.S. citizen. She's done everything for you, supporting you as your wife.

Every single time she had one of your children, she had one leg in the ground, and she did that for you and your family. And this is how you thank both of them.

Hopefully this is a wake-up call for you. You need to make better decisions. Do you understand that?

THE DEFENDANT: Of course I do. And from now on I will give a good thought to everything that I have done.

THE COURT: And your lawyer has done a good job helping you?

THE DEFENDANT: Yes.

THE COURT: Mr. Bucon.

MR. BUCON: Your Honor, we're asking the Court to accept the parties' plea agreement and impose a sentence of probation.

Your Honor has already made a record of Mr. Barrancas' personal history and characteristics. I would note that he is also a small business owner, and he has worked hard to provide for his family throughout Pretrial release.

As Your Honor noted, he has made it through Pretrial release almost without incident. There was one issue where he was given permission to travel to Mexico, and he was in line to cross the border back into the U.S. late at night, but the

border closed before he could return. And I believe that was the only issue that he had on Pretrial release.

We do believe that the circumstances of this offense also support a probationary sentence. His offense conduct was limited to using the address from an old driver's license on Form 4473 while he purchased firearms.

The government has recognized that there's no evidence of additional criminal conduct here. As we've already noted in the record, Mr. Barrancas used firearms as a hobby. He used them for sporting and collection purposes.

We believe that a sentence of probation is consistent with sentences imposed in cases involving similarly situated defendants.

One final note, we would ask that if the Court is willing to consider this request, that the conditions of probation permit Mr. Barrancas to travel to Mexico freely so that he may continue to maintain his personal relationships there.

He is -- reports to me that he also travels to Mexico to purchase materials on occasion. So there's both a personal and a work-related reason for his travel to Mexico.

Thank you, Your Honor.

THE COURT: Thank you very much, Mr. Bucon.

Ms. Santome.

MS. SANTOME: Thank you, Your Honor.

And I'm just going to highlight a couple of things from my motion since I have already put them on paper.

THE COURT: And again, I wanted to thank both of you. Your memorandums that you supplied to the Court were very helpful. I thank you both for always working so hard.

Go ahead.

MS. SANTOME: Thank you, Your Honor.

In going through this case and reviewing all of the evidence, it now becomes clear that he was not using these firearms to traffic them or do any additional action, which generally we do see with these types of violations.

I think that that's important, because that really led the government to believe that a probation -- a probation sentence is appropriate in this case.

These purchases date back to 2020 and 2021. It did take a while for us to get to indictment. And during the time he has been on release, he has, for the most part, followed those conditions, aside from the one that defense brought up.

In reviewing the messages that he had on his phone, because I found that to be very compelling as to what the purpose of these firearms would be, he does have pictures of these firearms.

He has accessories he has bought for these firearms, and these pictures are taken over a period of time that don't indicate to the government that these firearms were going to be

sold or that type of activity was happening.

Instead, he seems to be excited about having these firearms and buys them, accessories, takes them out shooting, does things that a collector or someone who is using them for sporting purposes would have them.

Additionally, he has exchanges with his family that I think are very much similar to all families, where they are telling each other that they love each other. There isn't anything about providing these guns to anyone who could potentially be illegal or undocumented or convicted of a felony.

There aren't even really pictures of him sending them to other people to brag about them. That just isn't present on the phone.

For these reasons, we believe that the danger that we generally see in these types of cases for these firearms to be used in crimes or used in those types of situations is significantly lower.

We are talking about only eight firearms that were purchased. That's different than most cases that I handle, and to date, we only have two that have not been recovered.

For all of those reasons, we believe that a three-year probation sentence is appropriate. It is the correct sentence in this case. And we wish Mr. Corpus Barrancas well.

Thank you.

THE COURT: This Court accepts the parties' 11(c)(1)(C) stipulated plea agreement. I also accept your plea of guilty.

Mr. Barrancas, in arriving at your sentence, I've carefully considered every document that's part of the case file.

I've also taken into consideration everything you told me this afternoon, along with your lawyer, Mr. Bucon, and the government lawyer, Ms. Santome, and this Court has also considered the sentencing factors pursuant to Title 18 Section 3553(a).

Sir, pursuant to the Sentencing Reform Act of 1984, it's the judgment of this Court that you will be placed on probation for a period of 36 months.

You will pay a special assessment of $100, which is due immediately, if you can make the payment. This Court finds that you don't have the ability to pay, so I will order that the fine in your case be waived.

You will pay a total of $100 in criminal monetary penalties due immediately, but having assessed your ability to pay, the payment of the total of criminal monetary penalties is due as follows:

The balance is due in equal monthly installments of $25 over a period of four months, and this will commence 60 days after the entry of judgment in this case.

The Court will waive the imposition of interest and penalties on any unpaid balance, and I will provide you with an address where those payments need to be sent.

While on probation, you need to comply with the mandatory and standard conditions of supervision as adopted by this Court in General Order Number 17-18.

Specifically, you shall not commit another federal, state, or local crime during your term of supervision.

The mandatory drug testing provision is also suspended.

Within 72 hours of this sentencing, and hopefully you can arrange it today, you need to report in person to the probation office in the district where you are released.

You are not being released because I'm not taking you into custody, so work with your lawyer and the probation officer to meet her and know what the requirements happen to be.

You also need to cooperate in the collection of a DNA sample as directed by your probation officer.

You need to submit your person, your property, your house, your residence, your vehicle, your papers or office, to a search conducted by the probation officer.

Failure to submit to a search may be grounds for the revocation of your release, and you need to warn any other occupants that the premises may be subject to searches pursuant

to this condition.

Your interest in the following property shall be forfeited to the United States:

One Diamondback, model DB15, 5.56 millimeter rifle bearing serial number Delta Bravo 2463346.

One Sarsilmaz, S-A-R-S-I-L-M-A-Z, model SAR9, 9 millimeter pistol bearing serial number Tango 1102-21 Bravo Victor 82241.

One Sarsilmaz, model K2 45, .45 caliber pistol bearing serial number Tango 1102-21 Yankee 00492.

And one Taurus, model G3, 9 millimeter pistol bearing serial number 1 Kilo Alpha Niner 413.

Sir, I find that my sentence is sufficient but not greater than necessary.

I also find that it promotes respect for the law and hopefully will deter others from committing similar crimes.

Considering the nature of the instant offense, a search condition is ordered to ensure that you don't possess any firearms or other contraband.

DNA testing is required by statute because of the underlying offense is a felony conviction.

Sir, there's an appellate waiver in your plea agreement, which means you have given up your right to appeal, as long as the sentence is consistent with what was negotiated by you, Mr. Bucon, and Ms. Santome and the sentence is not

illegal or unconstitutional.

THE COURT: Mr. Bucon, do you agree that your client has waived his right to appeal, with the exception of an appeal based on ineffective assistance of counsel or prosecutorial misconduct?

MR. BUCON: Yes, Your Honor.

THE COURT: And Mr. Barrancas, do you also agreed that you have waived your right to appeal?

THE DEFENDANT: Yes.

THE COURT: Sir, you also have the right to appeal if you believe there was prosecutorial misconduct involved.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Sir, if you still believe you have a right to appeal, you need to file your notice of appeal in writing with the clerk of this court no more than 14 days from the date that your judgment is filed.

If you cannot afford the cost of the appeal or the lawyer to assist you, those costs will be paid on your behalf.

Do you understand all of that?

THE DEFENDANT: Yes.

THE COURT: Mr. Barrancas, I am going to give you one more bit of advice. What I have seen in the 32 years of practice, the practice of law, sometimes when people do something that's out of character and they get into a significant amount of trouble, like you just did, they know

they have done a bad thing, and they end up abusing the people that care for them the most.

Your wife didn't do any of this. So when you're mad that your job opportunities or other things are limited in life, don't start fights with her.

You understand that?

THE DEFENDANT: Yes.

THE COURT: Your request to have liberal movement across the border is denied. In the first six months that you are in this status, you need to seek permission from the probation officer. Your lawyer knows how to do it. It will get to me, and I will authorize it or deny it.

After six months, if I have no issues with you, your lawyer will file the appropriate documentation to see if you can have more liberal crossing of the border once I talk to the probation officer.

Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions about anything that's happened in your case?

THE DEFENDANT: No.

THE COURT: Mr. Bucon, is there anything else from the defense?

MR. BUCON: Your Honor, there's one other issue that I'd like to bring to the Court's attention. Mr. Barrancas'

father, although he's currently employed, he does in his past have a felony conviction. I know under some circumstances individuals on probation are prohibited from having contact with convicted felons.

THE COURT: You can have contact with your convicted felon father. You can.

THE DEFENDANT: Thank you.

MR. BUCON: Thank you, Your Honor.

THE COURT: Is that what you were going to ask me?

MR. BUCON: Yes, Your Honor.

THE COURT: Is there anything else?

MR. BUCON: Nothing further.

THE DEFENDANT: May I?

THE COURT: Yes.

THE DEFENDANT: I would like to ask the Court when I would be able to get my rights back, like voting rights and such, so I can teach my children about their rights too.

THE COURT: What you need to do is become an upstanding citizen and have some kind of relationship with the President of the United States of America and petition the office of the President to get your restoration.

You need a pardon from the President.

THE DEFENDANT: Okay. Okay.

THE COURT: Do you have any other questions?

THE DEFENDANT: No. That will be it. Thank you.

THE COURT: You are very welcome.

Ms. Santome.

MS. SANTOME: Thank you, Your Honor. The defendant having been sentenced on count 1, the government now moves to dismiss counts 2 through 7.

And in addition, just to clarify to the point that he was making as far as voting rights and some other civil rights, that is something that he will have to seek through the state. There is no opportunity to do that through the federal government, but there is an opportunity through the state.

THE COURT: Well, you can educate me then. If he's a convicted felon in the federal system, he can get restoration rights through the state?

MS. SANTOME: Of certain civil rights such as voting. You can never have your right to possess a firearm restored.

THE COURT: Okay. That's what I am concerned about, is the firearm piece.

MS. SANTOME: Yes. Firearm only a pardon, but he had mentioned voting, and I wanted him to know that if he -- there is something that can be done through the state.

THE COURT: The federal prosecutor is absolutely correct.

And Ms. Santome, thank you for that. Is there anything else from the government?

MS. SANTOME: No, Your Honor. Thank you.

THE COURT: And your oral request to dismiss the remaining counts will be granted, and the hearing is adjourned.

***

C E R T I F I C A T E

I, ELVA CRUZ-LAUER, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 18th day of March, 2024.

s/Elva Cruz-Lauer
Elva Cruz-Lauer, RMR, CRR

UNITED STATES DISTRICT COURT